IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-333-D

JOHN RONALD WHITE, )
)
Plaintiff, )
)
v. ) ORDER
)
INTERNAL REVENUE SERVICE, )
)
Defendant. )

On July 6, 2018, John Ronald White ("White" or "plaintiff"), appearing pro se, filed a complaint [D.E. 1]. On August 27, 2018, the Internal Revenue Service ("IRS" or "defendant") moved to dismiss the complaint based on the Anti-Injunction Act [D.E. 9] and filed a supporting memorandum [D.E. 9-1]. See 26 U.S.C. § 7421(a); Gwozdz v. Healthport Techs., LLC, 846 F.3d 738, 742 (4th Cir. 2017); Judicial Watch, Inc. v. Rossotti, 317 F.3d 401, 405–08 (4th Cir. 2003). On September 4, 2018, White responded [D.E. 11]. On September 6, 2018, the IRS replied [D.E. 12]. On September 10, 2018, White moved to amend his response [D.E. 13]. On September 19, 2018, White filed an additional motion [D.E. 17]. On December 7, 2018, White filed a discovery motion [D.E. 22].

The IRS penalized White under 26 U.S.C. § 6702 for filing frivolous tax returns in tax years 2014 and 2015. See [D.E. 1] 2. White complains that he "is about to receive a penalty under [26 U.S.C. § 6702] for tax year 2017." Id. White filed this action to challenge those penalties based on his belief that the IRS lacks authority to penalize him for filing frivolous tax returns. See id. Specifically, White contends the IRS lacks authority under the Constitution to tax him because the federal income tax is an improper direct tax which should be properly apportioned among the states.

See id. at 3–6. According to White, the Sixteenth Amendment authorizes only an excise tax "upon privilege" and not a direct tax upon income. Id. at 4.

White's seeks declaratory and injunctive relief. See [D.E. 1] 10. White asks the court to "remove" the penalty assessments made against him for tax years 2014 and 2015 and to prevent the IRS from assessing further penalties for tax year 2017. Id. Additionally, White asks the court to direct the IRS to respond to certain correspondence, to follow "just process procedures," and to "stop penalties and tax levy while case is in progress." Id.

White's arguments are frivolous. See Taliaferro v. Freeman, 595 F. App'x. 961, 962–63 (11th Cir. 2014) (per curiam) (unpublished); Young v. Comm'r, 551 F. App'x. 229, 230 (5th Cir. 2014) (per curiam) (unpublished); United States v. Collins, 920 F.2d 619, 629–30 (10th Cir. 1990); Parker v. Comm'r, 724 F.2d 469, 471–72 (5th Cir. 1984); Crain v. Comm'r, 737 F.2d 1417, 1417–18 (5th Cir. 1984) (per curiam). The Anti-Injunction Act deprives this court of jurisdiction. See Judicial Watch, Inc., 317 F.3d at 405–08. Thus, the court grants the IRS's motion to dismiss.

In sum, the court GRANTS defendant's motion to dismiss [D.E. 9], DISMISSES the complaint without prejudice, and DENIES plaintiff's motions [D.E. 13, 17, 22]. The clerk shall close the case.

SO ORDERED. This 8 day of January 2019.

JAMES C. DEVER III
United States District Judge

2